IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAE PAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:24-cv-210 (MTT) |
| ) | |
| CEMEX SOUTHEAST LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This case arises from allegations of wrongful termination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.  Doc. 1.  Before the Court is pro se Plaintiff, Jae Pak's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1).  Doc. 43.  A "district court has broad discretion" in deciding whether to appoint counsel under § 1915(e)(1) "and should appoint counsel only in exceptional circumstances."[1]  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (citing *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir.1999); and *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir.1992)).  Here, Pak cites to "outstanding" discovery disputes to argue that his financial inability to retain counsel, lack of legal training, and the complexity of the legal and factual issues in this case necessitate the appointment of counsel.  Docs. 43; 43-1.  However, the deadline for discovery expired on July 18, 2025.  Doc. 34.  There are otherwise no exceptional circumstances in this case.

---

[1] Exceptional circumstances generally exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir.1990).

-2-

Moreover, Pak has prior experience in employment discrimination litigation.

Accordingly, Pak's motion (Doc. 43) is **DENIED**.

**SO ORDERED**, this 8th day of August, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
